JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01924-DOC-KES          Date: November 4, 2024

Title: Juan Espinoza Candelario vs. Home Depot U.S.A., Inc.; Manager Alicia, et al.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Rolls Royce Paschal for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA [9]**

Before the Court is Plaintiff Juan Espinoza Candelario's ("Plaintiff") Motion to Remand ("Motion" or "Mot.") (Dkt. 9). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the reasons explained below, the Court **GRANTS** the Motion and **REMANDS** this case back to Superior Court of California, County of Orange.

**Background**

    **A. Factual Background**

Plaintiff was in the stapler and adhesive aisle of Home Depot at 435 West Katella Avenue, Orange, when products and tools fell on his head and body. ("Complaint" or "Compl.")(Dkt. 1, Ex. 1). Plaintiff alleges that as a direct result of Home Depot's and Manager Alicia Torres' (collectively "Defendants") negligence, Plaintiff has suffered and continues to suffer damages. *Id.* Specifically, Plaintiff states (1) $1,000,000 in pain, suffering, and inconvenience, (2) $1,000,000 in emotional distress, (3) $148.530.80 in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01924-DOC-KES            Date: November 4, 2024

Page 2

medical expenses to date, (4) $500,000 in future medical expenses, and (5) an undisclosed amount in loss of earnings and loss of future earning capacity. *See* Notice of Removal ("Not.")(Dkt. 1), Ex. 3 Statement of Damages.

Plaintiff further alleges that Defendants owed a duty of care to all reasonably foreseeable people and was negligent in failing to maintain the premises. *Id.* Plaintiff states that Manager Alicia was employed and was present at the West Katella store at the time of the incident. *See* Motion to Remand at 3 ("Mot.")(Dkt. 9). However, Defendants argue that Manager Alicia was working at the Westminster Blvd store and was not employed or present at the West Katella store at the time of the incident. *See* Opposition to Motion to Remand at 4 ("Opp'n")(Dkt. 12).

### B. Procedural Background

After Plaintiff filed their Complaint in the Orange County Superior Court on May 10, 2024, Defendants filed a Notice of Removal on September 4, 2024. *See generally* Compl.; *see also* Not. Plaintiff then filed a Motion to Remand on October 4, 2024. *See* Mot. Defendants opposed the Motion to Remand on October 15, 2024, to which Plaintiff replied on October 21, 2024 ("Reply")(Dkt. 15). *See also* Opp'n.

### Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01924-DOC-KES                                           Date: November 4, 2024

Page 3

from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); Crum v. Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc*., 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01924-DOC-KES                                               Date: November 4, 2024

Page 4

comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**Discussion**

**A. Amount In Controversy**

Plaintiff argues that Defendant cannot reasonably show that the amount in controversy exceeds $75,000 and diversity of citizenship does not exist because Manager Alicia is of the same citizenship of Plaintiff. *See generally* Mot. Defendant alternatively argues that the Court has diversity jurisdiction in this case because (1) the amount in controversy exceeds $75,000, according to Plaintiff's Statement of Damages, and (2) diversity of citizenship exists. *See generally* Opp'n; *see also* Not., Ex. 3 Statement of Damages at 1. The Court disagrees.

Here, because Plaintiff does not expressly allege an amount in controversy over $75,000, Defendant bears the burden to establish this amount by a preponderance of the evidence. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699. Defendant argues that based on Plaintiff's Statement of Damages, Plaintiff seeks:

(1) $1,000,000 in pain, suffering, and inconvenience,
(2) $1,000,000 in emotional distress,
(3) $148,530.80 for medical expenses;
(4) $500,000 in future medical expenses, and
(5) an undisclosed amount in loss of earnings and loss of future earning capacity.

*See* Not., Ex. 3 Statement of Damages at 1.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01924-DOC-KES                                                       Date: November 4, 2024

Page 5

Plaintiff's Complaint states that his injuries were the result of products and tools falling on his head and body when he was in the stapler and adhesive aisle. *See* Compl. Plaintiff further alleges that as a result of the injury, he suffered and continues to suffer economic damages related to earnings and non-economic damages related to pain, emotional distress, and medical expenses. *Id.* "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir.1982); *see also Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529 (9th Cir.1980) (affirming dismissal on ground that injury was too small to establish requisite amount of damages).

Plaintiff alleges in their statement of damages that they suffered $2,648,530.80 in damages because of Defendants' negligence. Not., Ex. 3 Statement of Damages at 1. "[A]lthough a statement of damages pursuant to section 425.11 is not filed with the court as part of the complaint, it is normally viewed as a serious estimate of the damages in a given case." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227 (N.D. Cal. 2000). However, "[a]lthough the court normally defers to the statement of damages presented in the complaint, the court also has an 'independent obligation' to examine its jurisdiction where doubts arise." *Marchionna v. Ford Motor Company,* 1995 WL 549124 (N.D.Ill. Sept. 8, 1995).

Here, even if the Court only looked to the more definite $148,530.80 in medical expenses, Plaintiff provides no documentation to prove such expenses. *See generally* Compl. Additionally, the other allegations of two-and-a-half million dollars in damages and future medical expenses are difficult to take at face value when Plaintiff does not even describe any particular injuries he sustained and provides no basis for damages estimates. *See generally* Compl.; *see also* Not., Ex. 3 Statement of Damages at 2. While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. Civil Aeronautics Bd.,* 681 F.2d 1039, 1052 (5th Cir.1982). *See also Christensen v. Northwest Airlines, Inc.,* 633 F.2d 529 (9th Cir.1980) (affirming dismissal on ground that injury was too small to establish requisite amount of damages); *Anthony v. Security Pac. Fin. Serv. Inc.,* 75 F.3d 311, 318 (7th Cir.1996).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01924-DOC-KES                                   Date: November 4, 2024

                                                                                              Page 6

Thus, while Plaintiff *might* have suffered $148,530.80 in damages as a result of defendant's actions, "the record currently before the Court does not support that conclusion." *Surber*, 110 F. Supp. 2d at 1231.

The Court therefore finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the Court finds that it lacks diversity jurisdiction over this matter. Because this element is not met, the Court need not discuss the diversity of citizenship issue.

### IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                 Initials of Deputy Clerk:
                                                                                                             kdu
CIVIL-GEN